# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLAYTON M. BATES, *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 20-0040 (ABJ) |
| ) | |
| RICHARD MICHAEL DEWINE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

The Court is mindful that pleadings filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This matter is before the Court on petitioners' Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. Petitioners invoke the provisions that apply when an individual "is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), and demand that individual's release. Based on the Court's review of petitioners' nearly incomprehensible submissions, however, it appears that petitioner Rachel N. Parks is seeking the return of her son and daughter to her custody, notwithstanding the ruling of a state court in Ohio awarding custody of the children to another individual. *See, e.g.,* Pet. at 26-27 (page numbers designated by petitioners).[1]

"Custody" for purposes of a writ of habeas corpus generally relates to the unlawful restraint of prisoners; a federal district court lacks subject matter jurisdiction to entertain a challenge to a state court's custody determination in a domestic relations proceeding. *See Bush v. District of*

---

[1] This is essentially the same request made in a prior action which the Court dismissed for lack of subject matter jurisdiction. *See Bates v. State of Ohio*, No. 18-MC-86 (D.D.C. Aug. 17, 2018), *aff'd*, No. 18-5369 (D.C. Cir. Apr. 19, 2019) (per curiam).

*Columbia*, No. 1:19-CV-02867, 2019 WL 5579727, at *1 (D.D.C. Oct. 29, 2019) (dismissing "claims . . . rooted in [Plaintiff's] apparent discontent with the decisions and outcome of a child custody matter . . . in D.C. Superior Court"), *appeal filed*, No. 20-7002 (D.C. Cir. Jan. 9, 2020); *Tagle v. Nevada*, No. 3:17-CV-00676, 2018 WL 3973404, at *3 (D. Nev. Aug. 20, 2018) ("[F]ederal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct a state court judgment") (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923)); *Weisser v. Obama*, No. 13-CV-1257, 2013 WL 4525319, at *1 (D.D.C. Aug. 27, 2013) ("[T]o to the extent that [Plaintiff] seeks an award of child custody, the case falls within the domestic-relations exception to federal diversity jurisdiction."); *see also Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (finding child custody issues uniquely suited to resolution in local courts).

This Court has "an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and must dismiss an action over which it lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). Because the Court has been unable to identify any claim in the petition over which it has subject matter jurisdiction, the petition will be dismissed without prejudice. An Order is issued separately.

DATE: January 31, 2020

/s/
AMY BERMAN JACKSON
United States District Judge